# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WILLIAM C. DAVIS,

        Petitioner,                       Case Number: 2:08-CV-13962

v.                                             HON. MARIANNE O. BATTANI

WARDEN ZYCH,

        Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE

Petitioner William C. Davis, a federal inmate incarcerated at the Federal Correctional Institution in Milan, Michigan, has filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2241. Because Petitioner has not exhausted his administrative remedies, the Court shall dismiss the petition without prejudice.

## I.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions filed under § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases. The claims presented in the habeas petition are unexhausted and therefore do not present grounds upon

which this Court may grant habeas relief at this time. Accordingly, the petition will be dismissed without prejudice.

**II.**

Petitioner is serving a 188-month sentence, imposed by the United States District Court for the Northern District of Ohio, for several bank and wire fraud convictions. In his petition, Petitioner challenges the loss of thirteen days good time credit imposed as a sanction after he was found guilty of lying or providing a false statement to a staff member.

According to Petitioner, on May 22, 2008, he was written an incident report for a violation of the code requiring inmates to maintain their cells in accordance with posted standards because his coat was hanging on his bed. On May 27, 2008, he was found guilty of the violation.

On May 28, 2008, Petitioner appealed the finding of guilt by submitted a "BP-8½" form to his unit team supervisor. In support of his appeal, Petitioner submitted a letter, purportedly signed by another inmate, James Way, who worked in the facility's laundry services, stating that Petitioner's coat was at the facility laundry services at the time it was supposedly hanging on his bed.

On May 30, 2008, Petitioner was written another incident report for violating Code 314, which prohibits forgery or unauthorized reproduction of any document. The incident report alleged that Petitioner had forged the signature of James Way.

On June 3, 2008, a Unit Discipline Committee hearing was conducted. The incident report was referred to the Discipline Hearing Officer (DHO) with the recommendation that the DHO disallow thirteen days good conduct time.

The DHO conducted a hearing on June 22, 2008. The DHO found Petitioner guilty of a Code 313 violation (lying or providing a false statement to a staff member) and sanctioned Petitioner to thirteen days loss of good conduct time and six months of telephone restrictions.

Petitioner then filed the pending petition for a writ of habeas corpus, raising the following claims:

> I. The incident report issued May 30, 2008, must be immediately expunged where (a) the incident report was written for violation of Code 314, (b) at the DHO hearing the incident report was changed to Code 313 violation, (c) prisoner was not given 24 hour notice of Code 313 violation, and (d) the DHO failed to afford prisoner the minimum procedural due process as set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974).
>
> II. The incident report issued May 30, 2008, must be immediately expunged where the DHO has failed to afford the prisoner the minimum procedural due process requirements as set forth in *Wolff v. McDonnell*, 418 U.S. 539, 563-65 (1974) through his failure to provide a written statement of the evidence relied upon and the reasons for the disciplinary actions taken.

### III.

A federal habeas corpus petitioner must exhaust administrative remedies before seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981). *See also Watts v. Bogan*, 1995 WL 108993, *1 (6th Cir. March 14, 1995). The petitioner bears the burden of establishing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir.2003).

In the instant case, Petitioner acknowledges that he has failed to exhaust his administrative remedies. An administrative remedy is available for Petitioner to challenge the revocation of good-time credits under 28 C.F.R. § 542.10-542.16. *See Alton v. Bogan*, 1995 WL 364184 (6th Cir. June 16, 1995). A prisoner may submit a complaint to institutional staff. If the problem is not resolved, 28 C.F.R. § 542.13(a) & (b) allows a prisoner to file a formal request for

administrative remedy with the warden of the prison.  Thereafter, a prisoner may file an appeal to the Regional Director and General Counsel in the central office.  28 C.F.R. § 542.14.

Petitioner argues that he may not exhaust his administrative remedies because he never received a written report of the DHO's decision.  The regulations governing an administrative challenge to the revocation of good-time credits do not require that a prisoner provide a copy of the DHO's decision when filing a complaint or appeal.  *See* 28 C.F.R. § 542.10-542.16.  Therefore, the Court finds that the alleged failure to provide Petitioner with a copy of the decision does not render the administrative remedies unavailable to Petitioner.

**IV.**

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: October 7, 2008

Certificate of service

I certify that on the above date a copy of this Opinion and Order was served upon all parties of record.

s/Bernadette M. Thebolt
Case Manager

4