## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

WILLIAM C. DAVIS,

                  Petitioner,                      Case Number: 2:08-CV-13962

v.                                           HON. MARIANNE O. BATTANI

C. ZYCH,

                  Respondent.

_____/

## OPINION AND ORDER CONSTRUING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT AS MOTION TO REOPEN HABEAS CORPUS PROCEEDING, GRANTING MOTION TO REOPEN, DIRECTING SERVICE, AND REQUIRING RESPONSIVE PLEADING

Petitioner William C. Davis, a federal inmate incarcerated at the Federal Correctional Institution in Milan, Michigan, filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2241. The Court summarily dismissed the petition without prejudice because Petitioner failed to exhaust his administrative remedies. Now before the Court are Petitioner's "Motion Made Pursuant to Fed. R. Civ. P. 60(b) for Relief from Judgment" and "Petitioner's Exhibit In Support of His Motion Made Pursuant to Fed. R. Civ. P. 60(b)."

In his petition, Petitioner challenged the loss of thirteen days good time credit imposed as a sanction after he was found guilty of lying or providing a false statement to a staff member.

A federal habeas corpus petitioner must exhaust administrative remedies before seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981). *See also Watts v. Bogan*, 1995 WL 108993, *1 (6th Cir. March 14, 1995). The petitioner bears the burden of establishing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994);

*Caver v. Straub*, 349 F.3d 340, 345 (6th Cir.2003).  In the instant case, Petitioner acknowledged that he failed to exhaust his administrative remedies before filing his habeas petition.  The Court found that an administrative remedy remained available for Petitioner to challenge the revocation of good-time credits under 28 C.F.R. § 542.10-542.16.  *See Alton v. Bogan*, 1995 WL 364184 (6th Cir. June 16, 1995).  The Court, therefore, dismissed the petition without prejudice so that Petitioner could exhaust his administrative remedies.

In the pending motion and subsequently filed exhibit in support of the motion, Petitioner states that he has now exhausted his administrative remedies by filing an appeal to the Regional Director and General Counsel in the central office.  In support, Petitioner has submitted the response to his appeal from the Administrative Remedy Coordinator, North Central Regional Office, and the response to his appeal from the National Inmate Appeals, Central Office.  The Court construes the motion as seeking to reopen the habeas corpus proceeding now that administrative remedies have been exhausted.  Based upon the papers submitted by Petitioner, it appears that he has exhausted his administrative remedies.  Therefore, the Court will grant Petitioner's motion to reopen and order a responsive pleading.

Accordingly, **IT IS ORDERED** that the Court construes Petitioner's "Motion Made Pursuant to Fed. R. Civ. P. 60(b) for Relief from Judgment" as a Motion to Reopen and **GRANTS** the Motion to Reopen and the Clerk of the Court is directed to **REOPEN** this matter.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve a copy of this Order and the petition on Respondent by first class mail as provided in Rule 4, and also provide a copy to the United States Attorney for the Eastern District of Michigan.

2

**IT IS FURTHER ORDERED** that a responsive pleading shall be filed in this matter on or before November 18, 2009.


                                                    s/Marianne O. Battani_____
                                                    MARIANNE O. BATTANI
                                                    UNITED STATES DISTRICT JUDGE

DATED: September 22, 2009

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon all parties of record via U.S. Mail and/or electronically.

                                                    s/Bernadette M. Thebolt
                                                    Case Manager

3