# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WILLIAM DAVIS,

        Petitioner,                           Case Number: 2:08-CV-13962

v.                                                  HON. MARIANNE O. BATTANI

C. ZYCH,

        Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner William Davis has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the results of a prison disciplinary proceeding. For the reasons set forth below, the Court denies the petition.

## I.

Petitioner is serving a 188-month term of imprisonment, to be followed by five years' supervised release, for mail fraud, 18 U.S.C. § 1341, bank fraud, 18 U.S.C. § 1344, theft from pension plan, 18 U.S.C. § 664, and ERISA – false statement, 18 U.S.C. § 1027. The sentence was imposed by the United States District Court for the Northern District of Ohio. He has a projected release date of June 27, 2019.

In this habeas proceeding, Petitioner asks the Court to reinstate thirteen days good conduct time which were disallowed after Petitioner was found guilty of a disciplinary violation and to expunge his record. On May 22, 2008, an FCI-Milan staff member filed an incident report charging Petitioner with being unsanitary or untidy and failing to keep his person and quarters in accordance with posted standards because he had coats and clothes hanging on his

bed in violation of sanitation standards. *See* Incident Report, attached as Exhibit 2 to Response to Petition for Writ of Habeas Corpus (Response Brief). A copy of the Incident Report was provided to Petitioner on May 22, 2008. *See id.* at p. 2.

The Unit Discipline Committee (UDC) held a hearing on May 27, 2008. At the hearing, Petitioner denied the charges. *See id*. The UDC concluded that the charges were true and Petitioner was sanctioned with 30 days loss of telephone privileges. *Id.*

On May 28, 2008, Petitioner submitted an informal resolution request to the prison staff. *See* Request for Administrative Remedy Attempt at Informal Resolution, attached as Exhibit 3 to Response Brief. In his request, Petitioner attached a letter purportedly from laundry staff verifying that his winter coat had been given to laundry in April 2008 and returned properly cleaned and in good condition. Petitioner's request for informal resolution was denied.

On May 30, 2008, a unit manager at FCI-Milan filed an incident report charging Petitioner with counterfeiting or forging any documentation, article of identification, money or official paper. *See* Incident Report, attached as Exhibit 5 to Response Brief. The report stated that the letter attached to Petitioner's request for informal resolution was forged.

The Unit Discipline Committee (UDC) held a hearing on June 3, 2008. *See id*. Because of the severity of the charges, the UDC referred the matter to the Disciplinary Hearing Officer (DHO) and recommended loss of 13 days good conduct time. *See id.* Petitioner was provided with written notice of the DHO hearing and his rights at the hearing. *See* Notice of Disciplinary Hearing, attached as Exhibit 6 to Response Brief; Inmate Rights at Discipline Hearing, attached as Exhibit 7 to Response Brief. Petitioner stated that he wished to have a staff representative represent him at the hearing and wished to call two witnesses at the hearing. *See* Notice of

Disciplinary Hearing, Ex. 6.

The DHO hearing was conducted on June 18, 2008. Petitioner denied committing the prohibited act. *See* Disciplinary Hearing Officer Report, attached as Exhibit 8 to Response Brief. Petitioner was found guilty of lying or providing a false statement to a staff member, a code 313 violation. He had originally been charged in the incident report with counterfeiting or forging any documentation, article of identification, money or official paper, a code 314 violation. *Id.* The DHO imposed the following sanctions for the violation: loss of 13 days good conduct time, and a 180-day loss of phone privileges. *Id.*

Petitioner appealed the DHO's decision to the Regional Office, which affirmed the decision. *See* Regional Administrative Remedy Appeal, attached as Exhibit 9 to Response Brief. Petitioner filed an appeal to the National Administrator of Inmate Appeals. The National Administrator of Inmate Appeals denied Petitioner's appeal. *See* Exhibit 10 to Response Brief.

Petitioner then filed the pending habeas petition, in which he asks the Court to reinstate his good conduct time and expunge his record because, he argues, his due process rights were violated when he was not provided with sufficient notice of the DHO's amendment of a code 314 charge (forging documentation) to a code 313 charge (providing a false statement to staff) and because the DHO's written report was delivered to Petitioner more than 10 days after the DHO hearing.

## II.

An inmate's right to due process requires that, where a prison disciplinary hearing may result in the loss of good conduct credits, a prisoner must receive the following protections: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with

reasonable concerns regarding institutional and individual security and safety, to call witnesses; (3) an opportunity to present his own testimony and documentary evidence; and (4) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

The BOP disciplinary process is fully outlined in the Code of Federal Regulations, Title 28, Sections 541.10 through 541.23. These regulations dictate the manner in which disciplinary action may be taken should a prisoner violate, or attempt to violate, institutional rules. The first step requires filing an incident report and investigation pursuant to 28 C.F.R. § 541.14. The matter is then referred to the UDC for a hearing pursuant to 28 C.F.R. § 541.15.

If the UDC finds that a prisoner has committed a prohibited act, it may impose minor sanctions. If the alleged violation is serious and warrants consideration for more than minor sanctions or involves a prohibited act listed in the greatest severity category, the UDC must refer the matter to a Disciplinary Hearing Officer ("DHO") for a finding. 28 C.F.R. § 541.15. The UDC may extend time limits imposed in § 541.15 "for a good cause shown by the inmate or staff and documented in the record of the hearing." 28 C.F.R. 541.15(k).

**A.**

First, Petitioner argues that his due process rights were violated when the required advance written notice of the charges was not provided because the DHO changed his code 314 charge (forging documentation) to a code 313 charge (providing a false statement).

In *Holt v. Caspari*, 961 F.2d 1370 (8th Cir. 1992), the Eighth Circuit Court of Appeals found that a notice of disciplinary charges satisfied the due process requirements prescribed by *Wolff*, even though the notice charged the prisoner with "possession of contraband under Rule

4

24," and he was later found more guilty of the more serious offense of possession of "dangerous contraband under Rule 3." *Id.* at 1373. The Court reasoned as follows:

> This court has held in *Jensen v. Satran*, 651 F.2d 605, 607 (8th Cir.1981) (per curiam), that *Wolff v. McDonnell* does not require the infraction notice to specify whether the offense charged was serious or minor. Here, the charge was possession of the Valium, and while the change from a Rule 24 charge to a Rule 3 charge raised the potential penalties, the factual basis for both was possession of the same Valium at the same time. It is evident that the conduct violation report gave Holt all of the information he needed to make his defense.
>
> That the Adjustment Board considered the contraband to be sufficiently dangerous to warrant an increased penalty may have been to Holt's detriment, but did not change the factual charge that had been made against him, namely possession of Valium. Any defense he would assert would not differ because of the increase in the penalty. The facts are set forth plainly and clearly, and a constitutional violation has not been charged."

*Id.*

In the pending case, as in *Holt*, the notice at issue met the due process requirement set forth in *Wolff* because the notice described the nature of the disciplinary charge as well as the facts and circumstances on which the charge was based in a manner that allowed for a meaningful response. In other words, the notice was sufficient to give Petitioner a chance to defend himself. Therefore, the notice satisfied the due process requirement.

**B.**

Next, Petitioner argues that his right to due process was violated because he did not receive a copy of the DHO's written report within 10 days of the hearing.

28 C.F.R. § 541.17(g) provides that "[t]he DHO shall give the inmate a written copy of the decisions and disposition, ordinarily within 10 days of the DHO's decision." At the same time that an inmate receives written notice of the DHO's decision, the DHO is required to advise him of his right to an administrative appeal to the appropriate regional office. 28 C.F.R. §

541.19. Furthermore, "[t]he inmate should forward a copy of the DHO report or, if not available at the time of filing, should state in his appeal the date of the DHO hearing and the nature of the charges against the inmate." *Id.* Petitioner received written notice of the DHO decision approximately three months after expiration of the ten-day period. He does not allege or show that he was prejudiced by the delay. The DHO's failure to satisfy the ten-day requirement does not result in an automatic due process violation. Instead, a petitioner is entitled to habeas corpus relief on such a claim only where the petitioner shows resulting prejudice. *See Staples v. Chester*, No. 09-3267, 370 F. App'x 925, 930 (10th Cir. Mar. 31, 2010) (holding that the DHO's failure to give an inmate a written copy of its decision within ten days should not entitle an inmate to habeas relief where the delay had no prejudicial effect on an administrative appeal; and finding no such prejudice from an eight-month delay); *Cook v. Warden, Fort Dix Corr. Inst.*, No. 06-1054, 241 F. App'x. 828, 829 (3rd Cir. June 20, 2007) (holding that failure to comply with ten-day reporting requirement did not warrant habeas relief because the delay had no prejudicial effect); Mitchell v. Zych, No. 09-12551, 2009 WL 3497796, *4 (E.D. Mich. Oct. 28, 2009) (same). Petitioner's administrative appeals were reviewed on the merits. Thus, the delay in providing him with a written copy of the DHO's decision did not have a prejudicial effect on his administrative appeal.

## III.

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

        s/Marianne O. Battani
        MARIANNE O. BATTANI
        UNITED STATES DISTRICT JUDGE

DATE: December 3, 2010

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon the Petitioner, and Counsel for the Respondent via ordinary U.S. Mail and/or electronic filing.

        s/Bernadette M. Thebolt
        Case Manager